Good morning. This is the case of Thouvenin v. Conrad. Please be prepared to proceed. Good morning, Justices. We are here this morning to determine, or I'm asking the court to determine, that the trial court should, or that this court should overturn the trial court's ruling on its motion to reconsider and, in fact, grant the sale of approximately 145 acres in Clinton County to my client, the plaintiff appellant, Nancy Thouvenin. Counsel, can you please state your name for the record? I apologize, I apologize. My name is Keith Jacob. Thank you, Judge. That issue is language that was listed in the deed. I understand the court is familiar with the facts, but I will read the deed, or read the language in the deed for the court. As additional consideration for the sale, the grantee's grant transferring conveyed to the grantors for the grantors' joint lifetimes, the right to repurchase the property described herein for the same consideration as grantees have paid to the grantors for the sale. The right to repurchase expires upon the death of the last of the grantors. The language that's at issue is the S on the end of grantors. Our argument today is essentially two steps. The first step is that the court should have never weighed the plurality argument in the first place. When I say plurality, I mean the argument that does this deed apply to all grantors, or could it also apply to one of the single grantors as listed? There were four grantors listed, all siblings. At the trial stage of this matter, there was much objection and testimony regarding extrinsic evidence of a parole evidence rule regarding issues such as the price, purpose, and duration of that language in the deed, which is addressed by the Dresden case. The court ruled in my client's favor and then applied a motion to reconsider. The court then weighed a new argument. The new argument is that the term grantors is construed that it must collectively include all of the grantors listed on the deed and that one individual grantor was not able to exercise the right to repurchase as stated in the deed. At the motion to rehear the matter, I objected to this, and that is in the record at C-163. As the court is aware, a motion to reconsider is based on newly discovered evidence, a change in the law, or a misapplication of the law. In this instance, my contention is that this was none of those, but this was a new argument or a new legal theory expressed by counsel. I would challenge Mr. Harvey and this court to find in the trial record an argument or a mention of this legal argument, because I do not believe it is there. There are many other things argued in that trial, but not this issue. So based on that factor alone, I think that the trial court erred and should not have considered the plurality argument. And if that is the case, then this court should overturn the order of the motion to reconsider and force the sale of the property by the defendant to the plaintiff. If the court does not agree with that assertion, then I believe the case law states that the court must then look to determine if this language is ambiguous or non-ambiguous. Counsel provided the first international bank versus NAP, and NAP is with a K, in his brief. And I think that's an important case that I hope the court takes a serious look at. The NAP case and how counsel uses this, that in the NAP case, they said that in a contract or in a deed, the language stated that the borrowers have the ability to repurchase the property. And so where the distinction comes in, or I guess where the similarity comes in, is that both our case and the NAP case, both are dealing with the issue of having an S on the end of borrower in their case and grantor in our case. Counsel is arguing that there is no ambiguity in our case, like the court ordered in the motion, in the order on the motion to reconsider, that there is no ambiguity. And if there is no ambiguity, then the court is strictly bound by the four corners of the document. The court is not allowed to then look outside of intrinsic evidence or prolegis. That I agree. What I believe the issue is, is the case that counsel provided, that NAP case, says that the term borrowers in that deed or that language was, in fact, ambiguous. So in that case, the court said that it is too difficult to tell if they meant one borrower or all of the borrowers collectively have to come in and exercise the right to repurchase. Which is exactly the same that we have in this case. The term grantors, that the grantors may repurchase, that is ambiguous. Does it mean an individual or all the grantors can come back and exercise the right? I say that, and it's important, because due to the fact that it's ambiguous, the court then must look at the extrinsic evidence. And the court did not do so, as it clearly states in its order, that all their testimony was irrelevant, because the deeds are found to be unambiguous. The court erred in that fashion. Based on this, the court should look at the record to determine what evidence, if any, was provided regarding the plurality, as I call it, issue of can all of the grantors or can one individual grantor exercise the right to repurchase. The court will find that there is not a lot of evidence in the trial record to address this issue, but there is enough. There's not a lot, because it was an issue, which backs up my argument that this was never argued at the trial court. However, there was enough evidence. The entire trial court record is based around my client, Ms. Tooth, in purchasing this property as an individual. She's the only plaintiff. She was the only one to testify that she's purchasing it. And, in fact, she had already purchased one half of this property from the other owner of the 145 acres. That's the only evidence in trial, or at trial, in the record, that would give this court or the trial court any indication of what the party's intentions were. And that's the extrinsic evidence that if the court is going to rule this way, as they did, they must include that information or that evidence when they're making the rule. And they should give that its due credit in its due way. As I mentioned, the court and its order stated that they did not include that information. The defendant, Napoli, in this case, is essentially adding a negative inference. They're saying that just because it doesn't say one way or another, that it should mean that it includes all of the grand tours. But, I would note, it doesn't say that it shall include all grand tours. It doesn't mention that all grand tours need be included in the right to repurchase. It just states, as I previously indicated, the word grand tours in front of numerous grand tours. There is reasonable language, indeed, that would support a repurchase agreement as addressed in the Dresden case, which we did address in our brief because it was argued extensively at trial. So, we did address that it is reasonable language regarding repurchase. The court should not have given the way, or should have way, the plurality, or should not have, I'm sorry, should not have way, the plurality argument as it was only brought up at the motion reconsidered. And, once again, based on the NAB case, if the court is going to allow that evidence, the court must take into consideration the extrinsic evidence. As I mentioned, the only extrinsic evidence that was included would support our position that the agreement was that it could be one party, one grand tour, or all of the grand tours that could have the right to repurchase this property. I'm asking this court to reverse the ruling on the motion to reconsider and force the sale of the property to Nancy Tubman. May it please the court, I'm Lane Harvey, I represent the defendant in this case. Let's start with the very first thing that counsel said. He said, oh, this issue of whether or not we required all of the grand tours is not in the record. Your honors, that's blatantly false. Please look at paragraph five of the complaint. Paragraph five of the complaint alleges that Nancy Tubman had a right to demand the repurchase of the property. It says, on February 8th, 2018, Nancy Conrad Tubman sent correspondence to my client exercising her right to purchase the property as stated in the deed, specifying the price, and attached a copy of it. We denied in the answer to the complaint that Nancy Tubman had a right to do anything. So how is it, in the face of that issue made on the pleadings, that you can assert that that is not of record? If you look at the transcript of this case, there is no testimony elicited by the plaintiff in any fashion regarding Nancy Tubman individually as opposed to the grand tours collectively having a right to demand the repurchase. Now, this case, in my judgment, your honors, is this simple. Does the English language mean what it says? Because if it does, the trial court's ruling on the motion to reconsider is absolutely correct. If it doesn't, why do we have it? I would direct the court's attention to the language in question. And this is on both of the deeds. The language is, and I quote, as additional consideration of the sale, the grantees, the grantees would have been my client and her then husband, Charles Conrad, who was also one of the grand tours, convey to the grand tours, plural, to the grand tours, which includes Mr. Conrad and his siblings, for the grand tours joint lifetime, the right to repurchase the property described herein for the same consideration as the grantees had paid to the grand tours for the sale. Please identify for me, counsel didn't and he hasn't, but my suggestion to the court is please identify me what language allows a single grand tour as opposed to the grand tours collectively to make that demand. Opposing counsel, I didn't hear him bring this up in his argument, but certainly in the briefs, that the next sentence is, in the language you just quoted, is the right to purchase expires upon the death of the last of the grand tours. I agree with that. So all the grand tours were still alive when she made the demand. So the point of the matter is, if she were the only surviving grand tour, clearly she would have a right to do that. She wasn't. The grand tours, Charles Conrad, Nancy Thubanen, Norman Conrad, David Conrad, were all still alive. So the grand tours right to act collectively is that, obviously the collective action of the grand tours may be reduced in number if one of the grand tours passed, but there's no language in here. That assigns to an individual grand tour a right to do anything without the other surviving grand tours doing it. And I would certainly grant your honor that if, in this case, Ms. Thubanen were the only surviving grand tour, we'd be in a different situation. But she's not. Wait. This language, too, and you did recite this conveyed to the grantors for the grantors' joint lifetimes. Your thoughts on that language and how this relates? Well, I guess there are two things I would say about that, Judge. First, in terms of the facts that we're confronted with today, I don't know that that makes any difference. And the reason I say that is clearly all of the grand tours collectively were alive at the time this demand was made. I think that would be a relevant consideration if one or more of the grand tours had passed, because the issue then would be, as to the grand tours that had passed, how had we dealt with their interest with regard to that right to make that demand? So what the deed says is, if a grand tour passes, then that grand tour or that grand tour's estate doesn't have the right to make the demand. It's only the surviving grand tours that have the right. But in this case, all the grand tours were surviving at the time the demand was made. So I submit to the court that that language really doesn't make any difference, because we are still at a place where the grand tours did not make the demand. And please look at the language, Judge, because I think the language is very straightforward. It says that the grand tours, it doesn't say the grand tours or either of them, or the grand tours or any of them, or it never uses any language other than for the grand tours collectively to make the demand. And the point, and this is the point the trial court ultimately ruled on in the motion to reconsider. And I think if you look at the trial court's motion to reconsider and you look at the language that the trial court used, and you look at the arguments of the motion in our motion to reconsider, the trial court had originally ruled, oh, yes, Ms. Thuman could do that. But when the motion to reconsider was put to the trial court and the trial court was asked to look at the language, the trial court said the deed was completely unambiguous and that it was the grand tours collectively. Now, here's the significant thing to me about this appeal is this. Neither in the argument in the motion to reconsider, nor in the brief submitted to this court, nor in the oral argument that was just made by the appellant's counsel, has he articulated any rationale as to how there is any language in this deed which separates the grand tours to individuals. Our position is very simple. The language means what it says. And there is no language, and he doesn't make any argument that there is a language, any language in the deed, that separates the grand tours and deals with them in any fashion other than collectively. And so the point is when the matter was brought to the trial court's attention, the trial court said, oh, yeah, that's correct. And the trial court determined that Ms. Thuman did not, by herself, have any right to make the demand. I simply would ask the court to take a look at the trial court's order because it says on the first page of the order, in the fourth paragraph, the court finds this language in the deed applies to all grand tours who collectively had the right to repurchase the real estate, not an individual grand tour. At no place in the appellant's brief do they even make an argument as to why that finding is in any way erroneous. It isn't argued that the trial court didn't interpret the language correctly. The trial court said the deed is not ambiguous because the deed is very clear in all the language that it uses that the grand tours are referred to collectively, and that's what the trial court found. Well, if we in our de novo review of this case determined that the language was ambiguous, do you concede that with the parole evidence that was presented, that the trial court got it right the first time? Well, I guess I have two problems with that, Judge. I thought you might have some. I think the first problem is you can't get there from here based on the language of the deed because there is no language in the deed that says, that makes any reference to the grand tours other than collectively. And I'm saying, assuming that we somehow find that roadmap to that, how do you respond to that? Well, and again, the way I respond to that is this. If you believe the testimony that was presented in this case, allegedly the reason for this repurchase provision was to keep it in the family. So the only way you can guarantee that it's kept in the family is that the grand tours collectively have it so that it can't be taken outside the family without the consent of all the grand tours. In this situation, if you say that Ms. Fubina by herself is entitled to have the property deeded in her name, she can sell it tomorrow to anybody, which defeats the purpose which they say was the reason that this repurchase provision collectively was put in. So I guess that would be my answer. Judge, I don't think you can get there from here with the language in the deed. And the point, and again, this is what I'm left with, I've looked at the judge's order, obviously, and in the motion to reconsider. The judge found that he was in error in the original order. He found that by George, you know, it is plural, and it is unambiguous, and I made a mistake. What I'm waiting to hear, and I haven't heard it and I haven't seen it in the brief, what is the rationale of Appellant's argument as to how the judge's determination to that effect was erroneous? And I haven't heard it. And it isn't in his brief. And when the court says that the language is clear and not ambiguous, and that the court ruled in the course of the motion to reconsider that all of this testimony that was put in at the hearing really shouldn't have been admitted because the deed's not ambiguous, it didn't need the parole evidence. So that effectively has been stricken. And the court concluded, and I think absolutely in accordance with the language of the deed, that the grantors collectively had a right to repurchase and not an individual grantor. So, and I guess the questions that I would leave your honors with is what language on the face of this deed is there that makes any reference to a singular grantor? Or could in any fashion be reasonably interpreted as applying to a single grantor or other than the grantors collectively? As I have said, none has been identified, certainly, in the Appellant's arguments both in the trial court and here. And I can't find it. But in the absence of that language, you can't find that the trial court errors. Secondly, he says at page 8 of his brief that the plain language of the warranty deed allowed for all of the grantors or one grantor. Please point to me the language in the deed which allows for one grantor. Because when you look at page 8 of his brief, you will note that he didn't point to any language which dealt with only one grantor to repurchase the property. So the only circumstance that you can conceive of in the language of the deed in which the repurchase could be made by one grantor is if that one grantor is the only surviving grantor. Because the deed says that the right to claim the repurchase expires at the death of each grantor. So if there's one grantor left surviving under the terms of the deed, I think that grantor could make the demand. But that's irrelevant to this case because all the grantors were surviving at the time Ms. Thuban had made the demand, and Ms. Thuban is not the grantors. So I think in that regard, they simply have a difficult time making any coherent argument that the language of the deed doesn't mean what it says. And, you know, the assertion is made in the motion to reconsider that somehow or the other, the claim of whether the use of the term grantors collectively as opposed to individually is irrelevant. How can it be irrelevant? And the point about that is if the language means what it says, Ms. Thuban and individually has no right to do that. So how can it be asserted that the defendant is obligated to reconvey the property if Ms. Thuban doesn't meet the requirements in the deed that entitles her to demand it? So it's a bit of a stretch to say that it's irrelevant as to whether or not plural means plural. Well, how do you address the plaintiff's argument that – the appellant's argument that the motion to reconsider is improper in this instance because it's not addressing newly discovered evidence? It's not discussing something that has no – that wasn't available to it at the time of trial? Judge, it does address the error the trial court made because what I've just indicated to you is the assertion in paragraph 5 of the complaint originally filed that Ms. Thuban had a right to make the demand was denied. So that was at issue. The court ruled that Ms. Thuban did have a right. That issue was made by the pleadings and the court's ruling was wrong. So the issue is in the record and it's clearly in the record. And when the court was confronted with its error, it says, yes, I made a mistake. So it simply is factually incorrect to say that that issue wasn't made. And I guess the point that I would make to your honors is just this. There's nothing in either the response to the motion to reconsider, there's nothing in the oral argument on the motion to reconsider, there's nothing in the appellant's brief, and there's nothing in his oral argument today that gives you any rationale from which you can determine that the trial judge's ruling in granting the motion to reconsider was not legally correct. And in the absence of that, he has inserted a basis for reversal. And on the basis of this record, the trial court's judgment is clearly correct and it should be affirmed. The counsel stated his argument regarding the motion to reconsider when questioned why they could bring the motion to reconsider. And he argues that in their response that in paragraph five to their response that they stated that Nancy Tudin did not have the right or they denied her the right to repurchase, to exercise her right to repurchase. That's not clearly laying out an issue. That's a blanket denial of, hey, we're not going to sell you the property back. They never mentioned that this was an issue. They never mentioned that due to the language in his deed, this is why we're not selling this back to you. That was never an issue. It was never mentioned. And as I mentioned previously, it was never in the testimony. It was never brought up by defendant's counsel. It was never argued at trial. Based on that assertion, they could come back and argue one of a million reasons in front of this court today of why they believe that the trial court was wrong at the trial level because they made this blanket assertion that they weren't selling the property back. I don't think that's the way that this is supposed to work. I think we're supposed to have an idea of exactly what their assertions are prior to them just bringing up whatever arguments they want to at the time of the motion to reconsider. Mr. Harvey has brought up on numerous occasions that we haven't made the assertion. I guess I'm a little bit confused. We haven't made the assertion of what was wrong. I think we've laid out over and over that the language is ambiguous. I know he wants to make this really simple and say, hey, it's grand tours. It's everybody. When I say you guys, I mean everybody. But it's not that simple. If it were, we wouldn't be here. If it were, then there wouldn't be so many people disagreeing on this, and I don't think that's why the judge would have gone back and forth in the first place. I think this is absolutely ambiguous, and I think to back that up, the Now case addresses that. And that is the case that counsel provided, that that case said the language that used the term borrowers with an S was ambiguous whether it meant all of the borrowers or one of the borrowers. And so I think the case law, his own case law that he provided addresses that this is ambiguous. This does require the court to take on at least some extrinsic evidence to figure out what the part is meant by this. And once again, I think his case law addresses that. So that case basically stands for borrowers with an S on the end is ambiguous as to whether or not that language indicates collective borrowers or individual borrowers. And you're suggesting this is a similar case. Correct. And it's a very similar issue. That case too was a right to repurchase property, and it said the language of the contract of the deed says the borrowers have the right to repurchase. And it's the exact same case here where it says the grantors have the right to repurchase. And now that case found that it was collectively the borrowers. However, the point is that court said we must go back and look at the extrinsic evidence because it says this, because it says and there is an ambiguity there. So I think our case is similar to that. But essentially, the court – our assertion is the court got it wrong. This is ambiguous, and the court must take into account that extrinsic evidence. And the only extrinsic evidence that was provided was evidence that would back up our assertion that either one or all of them could have asserted the right to repurchase. Thank you.